IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| MARY CHACE, | ) | |
|---|---|---|
| | ) | Case No. CV-09-203-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| WELLS FARGO HOME MORTGAGE, et al., | ) | **AND ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Defendant Northwest Trustee Services, Inc.'s ("NWTS") Motion to Dismiss (Docket No. 10). The Court has determined that oral argument will not benefit the decisional process in this case. Accordingly, the Court issues the following decision based on the briefs.

## ANALYSIS

**I.      Standard of Review for Rule 12(b)(6) Motions**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual

**Memorandum Decision and Order – 1**

allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557.

In a more recent case, the Supreme Court identified two "working principles" that underly *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. "Determining

**Memorandum Decision and Order – 2**

whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004)**.** The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## II.     Defendant's Motion to Dismiss

In her Complaint, Plaintiff asserts several causes of action (Breach of Contract, Fraud and Misrepresentation, Failure to Disclose, Truth in Lending and Abuse of Process, and Specific Performance) against several defendants, including NWTS.  However, as explained below, none of the claims against NWTS have merit, and the Court will grant the motion to dismiss.

### A.     Breach of Contract

**Memorandum Decision and Order – 3**

Under her breach of contract claim, Plaintiff makes no reference to any contract between Plaintiff and NWTS. She likewise makes no mention of any act on the part of NWTS which would constitute a breach of a contract. It is axiomatic that some type of contract exist between the parties in order for a plaintiff to pursue a breach of contract claim. *Brown v. Matthews Mortuary, Inc.*, 801 P.2d 37, 45 (Idaho 1990). The only allegation of the existence of a contract in Plaintiff's Complaint is the contract between Plaintiff and Hubble Home Loans, Inc. Accordingly, Plaintiff's breach of contract claim against NWTS will be dismissed.

### B. Fraud and Misrepresentation

In her second cause of action, Plaintiff asserts a claim for fraud and misrepresentation. To prove fraud, a plaintiff must establish the following elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge about its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearers ignorance of its falsity; (7) his reliance on the [representation]; (8) his rights to rely thereon; (9) his consequent and proximate injury." *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 386 (Idaho 2005) (Internal citation omitted). Moreover, these elements must be pled with particularity. *Id.*

In the opening paragraph of her second cause of action, Plaintiff alleges that

**Memorandum Decision and Order – 4**

all defendants in this action, including NWTS, "committed a fraud against Plaintiff." (Complaint, p. 5). However, after that general assertion, Plaintiff makes no reference to any specific acts of NWTS which would support a fraud allegation. In fact, Plaintiff only mentions NWTS as a party who was misled by Wells Fargo Home Mortgage. (Complaint, p. 5). Therefore, Plaintiff has not met her high burden of pleading a fraud claim against NWTS with particularity. Accordingly, the Court will grant the motion to dismiss Plaintiff's fraud and misrepresentation claim.

### C. Failure to Disclose

Plaintiff next asserts a claim for "failure to disclose indispensable parties to defend foreclosure action." Plaintiff cites to no authority, and the Court could not find any authority, for a cause of action based upon the failure to disclose indispensable parties. Accordingly, the Court will grant the motion as to this claim.

### D. Truth in Lending and Abuse of Process

Plaintiff also asserts a claim for truth in lending and abuse of process. The Truth In Lending Act ("TILA") requires lenders to disclose certain finance charges to borrowers. See 15 U.S.C. § 1601, et seq. Plaintiff does not allege that NWTS is a lender, and NWTS denies that it is a lender. Therefore, the TILA does not apply

**Memorandum Decision and Order – 5**

to NWTS in this case. Accordingly, Plaintiff's claim will be dismissed.

### E. Specific Performance

In her final cause of action, Plaintiff asserts that "Plaintiff and one of the Defendants has a contract for loan modification." (Complaint, p. 9). However, as noted above, nothing in the Complaint suggests that Plaintiff has a contract with NWTS. Therefore, Plaintiff's final cause of action against NWTS will be dismissed.

## III. Local Rule 7.1(e) Warrants Dismissal of the Claims Against NWTS

In addition to the above reasons, the Court finds that Local Rule 7.1(e) supports the Court's decision to grant NWTS's motion to dismiss. NWTS filed its motion on August 31, 2009. The next day, September 1, 2009, the Court sent a "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements" to Plaintiff. In that notice, the Court explained the standards and rules for motions to dismiss and motions for summary judgment. Notably, the Court explained that if Plaintiff failed to respond to the pending motion within 21 days, such failure would constitute Plaintiff's consent to the Court granting the motion pursuant to Local Rule 7.1(e). More than a month has passed, and Plaintiff has not responded to the motion. Accordingly, Local Rule 7.1(e) warrants dismissal of Plaintiff's claims against NWTS.

**Memorandum Decision and Order – 6**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Northwest Trustee Services, Inc.'s Motion to Dismiss (Docket No. 10) shall be, and the same is hereby, GRANTED.

DATED: **October 15, 2009**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 7**