IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY CHACE, an Individual, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO HOME MORTGAGE, )<br>and WELLS FARGO BANK, NA and )<br>GREENWICH CAPITAL FINANCIAL )<br>PRODUCTS, INC., and HUBBLE HOME )<br>LOANS, LLC and NORTHWEST )<br>TRUSTEE SERVICES, INC., and )<br>PIONEER TITLE COMPANY, all )<br>foreign corporations doing business in the )<br>State of Idaho, DOES and ROES 1-10, )<br>)<br>Defendants. )<br>_____) | Case No. CV-09-203-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Before the Court are a Motion (Docket No. 16) to Dismiss by Defendants Wells Fargo Bank and Hubble Home Loans, and a Motion (Docket No. 19) to Amend Complaint by Plaintiff Mary Chace. The issues are fully briefed and before the Court. For the following reasons, the Court will grant the Motion to Dismiss (Docket No. 16), and deny the Motion to Amend (Docket No. 19).

**Memorandum Decision and Order - Page 1**

## ANALYSIS

### I.     Standard of Review for Rule 12(b)(6) Motions

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557.

In a more recent case, the Supreme Court identified two "working

**Memorandum Decision and Order - Page 2**

principles" that underly *Twombly*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Simpson*, 452 F.3d at 1046. The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

**Memorandum Decision and Order - Page 3**

## II. Defendants' Motion to Dismiss

Plaintiff's Complaint (Docket No. 1) alleges the following causes of action against several defendants, including Wells Fargo Bank and Hubble Home Loans: breach of contract, fraud and misrepresentation, failure to disclose, truth in lending and abuse of process, and specific performance. As explained below, Plaintiff's claims lack merit, thus the Court will grant the motion to dismiss.

### A. Breach of Contract

Plaintiff asserts that she entered into a loan contract with Defendant Hubble Home Loans in order to purchase real property in Caldwell, Idaho. *Complaint* (Docket No. 1) at 2. According to Plaintiff, the loan was later transferred or assigned to Defendant Wells Fargo Bank. *Id.* Plaintiff states that her account went into foreclosure, that Plaintiff twice requested an accounting, and that such accounting was provided to Plaintiff on April 2009. *Id.* at 3-4. Plaintiff also provides that she applied for a loan modification which was never granted in writing,[1] and that Defendants have accepted no payments from Plaintiff since

---

[1] Although Plaintiff alleges in a later claim (for specific performance) that she "has a contract for loan modification . . . [and] wishes to enforce the provisions therein," she requests enforcement of the loan modification, or to "otherwise modify the loan pursuant to mutual agreement identified in Allegation XVI." *Complaint* (Docket No. 1) at 9. Allegation XVI does not describe "mutual agreement," but instead identifies Plaintiff's actions to request a loan modification. *Id.* at 4. Plaintiff's claim for specific performance provides no more detail to support that Defendants breached a contract for loan modification.

**Memorandum Decision and Order - Page 4**

November 2008.  *Id.* at 4.

Plaintiff fails to allege sufficient facts to support that Defendants breached a contract with Plaintiff.  Absent allegations to support breach of contract, this claim is dismissed with leave to amend within 30 days.

### B.    Fraud and Misrepresentation

Plaintiff also asserts a claim for fraud and misrepresentation.  To prove fraud, a plaintiff must establish the following elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge about its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearers ignorance of its falsity; (7) his reliance on the [representation]; (8) his rights to rely thereon; (9) his consequent and proximate injury." *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 386 (Idaho 2005) (internal citation omitted).  These elements must be pled with particularity.  *Id.*

Plaintiff asserts that Defendant-Movants have "committed a fraud against the Plaintiff . . . in attempting to foreclose residential properties after agreeing to loan modifications."  *Complaint* (Docket No. 1) at 5.  However, Plaintiff acknowledges in her Complaint that she did not enter into a contract for a loan modification.  *Id.* at 4 (Plaintiff indicates she is "still awaiting written confirmation

**Memorandum Decision and Order - Page 5**

. . . [of] loan modification"). Further, Plaintiff's allegations fail to establish the necessary elements for fraud, as set forth in *Jenkins*. Accordingly, Plaintiff's claim against Movants for fraud and misrepresentation is dismissed with leave to amend within 30 days.

### C. Failure to Disclose

Plaintiff's next claim is for "failure to disclose indispensable parties to defend foreclosure action." Plaintiff cites to no authority, and the Court could not find any authority, for a cause of action based upon the failure to disclose indispensable parties. Accordingly, the Court will grant the motion as to this claim, with prejudice.

### D. Truth in Lending and Abuse of Process

Plaintiff further asserts a claim for truth in lending and abuse of process. The Truth In Lending Act ("TILA") requires lenders to disclose certain finance charges to borrowers. *See* 15 U.S.C. § 1601, et seq. Plaintiff's allegations under TILA do not address a duty by either Wells Fargo Bank or Hubble Home Loans to disclose finance charges to Plaintiff. Instead, Plaintiff asserts that Defendants violated TILA by failing "to disclose the indispensable real parties, and all the fees paid to the undisclosed parties." *Complaint* (Docket No. 1) at 8. Because Plaintiff fails to allege sufficient facts to support a claim under TILA, this claim is

dismissed with leave to amend within 30 days.

### E. Specific Performance

Despite acknowledging that she did not receive written confirmation of a loan modification, Plaintiff asserts that "Plaintiff and one of the Defendants has a contract for loan modification." As noted by Movants, a claim of oral agreement to modify Plaintiff's loan would be barred by the applicable statute of frauds. Idaho Code § 9-505(5). Absent allegation of sufficient facts to support that Plaintiff entered into a valid contract with Defendants, this claim is dismissed with leave to amend within 30 days.

## III. Motion to Amend Complaint

Plaintiff requests leave of the Court to amend her complaint to include two additional allegations. *Plaintiff's Motion to Amend* (Docket No. 19). The claims that Plaintiff seeks to add are civil conspiracy and quiet title.

Defendants Wells Fargo Bank and Hubble Home Loans oppose the Motion (Docket No. 19), correctly noting that Plaintiff's motion was filed over two months after the court-imposed deadline for amending pleadings. *See Case Management Order* (Docket No. 9) at 1. An extension of the August 26, 2009 deadline to amend pleadings requires a showing of good cause. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Plaintiff in this case

**Memorandum Decision and Order - Page 7**

has not established good cause for delay in seeking to amend her Complaint.

Plaintiff's stated reason for the delay is that Defendant Pioneer Title Company transferred ownership of the subject property to Defendant Greenwich Corporation on or about October 28, 2009, without providing proper notice. *Plaintiff's Motion to Amend* (Docket no. 19) at 1-2.  However, documents that Plaintiff attached to her Motion reflect that notice was given April 7, 2008, of a Trustee's Sale to take place August 7, 2008.  *Id.* at 7.  Plaintiff has not shown that the transaction between Pioneer Title Company and Greenwich Corporation on October 28, 2009 could not have been anticipated prior to the deadline for filing an amended complaint.  Nor has Plaintiff demonstrated a link between the October 2009 transfer of ownership and Plaintiff's new causes of action, so as to support a finding of good cause to file a late amendment.

In light of the foregoing, the Court will deny Plaintiff's Motion to Amend the Complaint (Docket No. 19).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion (Docket No. 16) to Dismiss by Defendants Wells Fargo Bank and Hubble Home Loans is shall be, and the same is hereby, GRANTED without prejudice as to the following claims:  breach of contract, fraud and misrepresentation, truth in lending and abuse

**Memorandum Decision and Order - Page 8**

of process, and specific performance.  With respect to these claims, Plaintiff shall have a deadline of February 20, 2010 to amend her complaint;

IT IS FURTHER ORDERED that the Motion to Dismiss (Docket No. 16) with respect to the claim for failure to disclose is GRANTED with prejudice;

IT IS FURTHER ORDERED that the Motion for Leave to Amend (Docket No. 19) shall be, and the same is hereby DENIED.

DATED:  **January 20, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge