IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY CHACE,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, and WELLS FARGO BANK, NA and GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., and HUBBLE HOME LOANS, LLC and NORTHWEST TRUSTEE SERVICES, INC., and PIONEER TITLE COMPANY, all foreign corporations doing business in the State of Idaho, DOES and ROES 1-10,<br><br>    Defendants. | Case No. 1:09-cv-203-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Motion to Dismiss (Dkt. 38) by Defendant Greenwich Capital Financial Products, Inc. (Greenwich). Defendant filed its motion on July 22, 2010, under Federal Rules of Civil Procedure 4(m), 41(b), and 12(b)(6), and requested fees under 28 U.S.C. § 1927. Plaintiff's response was due on August 16, 2010, but Plaintiff has yet to respond. For the following reasons, the Court will grant the motion.

## BACKGROUND

Plaintiff Mary Chace filed her initial complaint (Dkt. 1) in this case on May 1, 2009. Chace filed a Motion to Amend the Complaint (Dkt. 19) on November 13, 2009, to

**MEMORANDUM DECISION AND ORDER - 1**

add two additional causes of action. The Court denied this request in an order (Dkt. 28) dated January 20, 2010; in that order, the Court allowed Chace 30 days to amend the complaint with respect to claims of breach of contract, fraud and misrepresentation, truth in lending, abuse of process, and specific performance. Chace filed a Second Amended Complaint (Dkt. 29) on February 9, 2010, that included claims disallowed by the Court in its order dated January 20, 2010 (Dkt. 28). The Second Amended Complaint also named defendants dismissed by the Court in orders dated October 15, 2009 (Dkt. 15, dismissing Northwest Trustee Services), and January 20, 2010 (Dkt. 28, dismissing Wells Fargo Bank and Hubble Home Loans).

On June 7, 2010, the Court dismissed with prejudice, claims against Northwest Trustee Services, Wells Fargo Bank, and Hubble Home Loans. (Dkt. 36.) The Court directed Chace that she had until June 30, 2010 to serve the remaining defendants, Deutsche Bank National Trust Company (Deutsche Bank), Pioneer Title Company, Greenwich, and Does and Roes 1-10, or else the matter would be dismissed with prejudice. After the deadline for service, Chace filed a Notice (Dkt. 37) on July 7, 2010, indicating that service had been made on Defendants Greenwich and Deutsche Bank.

Defendant Greenwich filed this motion to dismiss on July 22, 2010, to which Chace has not responded.

## ANALYSIS

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without

**MEMORANDUM DECISION AND ORDER - 2**

prejudice against that defendant or order that service be made within a specified time."

The rule further provides that the court must extend the time for service "if the plaintiff shows good cause for the failure" to accomplish service as required. *Id.* Here, the Court ordered Chace to serve defendants no later than June 30, 2010, and gave notice that if Plaintiff failed to adhere to this deadline, the matter would be dismissed with prejudice. Although Chace filed a notice that service was accomplished, the record demonstrates otherwise.

Chace claims to have served Greenwich on February 5, 2010. (Dkt. 37.) The Second Amended Complaint was not filed until February 9, 2010. (Dkt. 29.) Chace also filed an affidavit asserting that Deutsche Bank was served on April 20, 2010. The Court already determined on June 7, 2010, that the remaining defendants had yet to be properly served. (Dkt. 36.) According to its Motion, Greenwich changed its name to RBS Financial Products, Inc., in early 2009. (Dkt. 38-1 at 1-2.) For simplicity, because Chace has not identified RBS as a defendant, the Court will refer to Defendant in this decision as "Greenwich." Greenwich indicates that it received service of Chace's original complaint (Dkt. 1), but never received the second amended complaint (Dkt. 29). Greenwich also notes that Chace has never identified it by its proper name, RBS.

Based on these unchallenged facts, and Chace's failure to show good cause for failure to serve, or otherwise respond to the motion to dismiss, the Court finds that Chace has failed to comply with the Court's order requiring service by June 30, 2010. Under Rule 41(b), if a plaintiff fails to prosecute a matter or comply with a court order, a

**MEMORANDUM DECISION AND ORDER - 3**

defendant may move to dismiss; such dismissal operates as an adjudication on the merits. The Court finds here that Chace has failed to comply with the Court's orders, and will therefore grant Greenwich's motion. Because the Court will dismiss this matter with prejudice, in its entirety, it need not address Greenwich's argument under Rule 12(b)(6). The Court will entertain Greenwich's request for fees and costs, on receipt of an affidavit documenting the fees and costs incurred. However, counsel is cautioned that the Court will only consider costs and fees shown to be necessary in bringing this motion.

## ORDER

IT IS HEREBY ORDERED THAT

1. Plaintiff's Second Amended Complaint (Docket No. 29) is DISMISSED with prejudice.

2. If Defendant wishes to pursue its request for costs and fees, it shall file a supporting affidavit on or before September 30, 2010.

DATED: **September 15, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge